UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                    )
JOSEPH MARCEL ETIENNE JEAN POIX     )
                                    )
         Petitioner-Father,         )
                                    )
vs.                                 )   No. 22-CV-4980
                                    )
SUSIBEL ALTAGRACIA ESPAILLAT SANTANA )
                                    )
         Respondent-Mother.         )
_____ )

> Respondent shall indicate whether she intends to object to Petitioner testifying remotely, and whether she seeks to call remote witnesses, by July 28, 2022.
>
> SO ORDERED
> Date: July 26, 2022
> New York, New York
>
> _____
> JOHN P. CRONAN
> United States District Judge

**PETITIONER'S MOTION FOR
<u>REMOTE TESTIMONY</u>**

The Petitioner, JOSEPH MARCEL ETIENNE JEAN POIX, by and through his undersigned attorneys, moves pursuant to Rule 43(a) of the Federal Rules of Civil Procedure for an order permitting the testimony of Petitioner and certain of the Petitioner's witnesses, who are located in the Dominican Republic or otherwise outside of New York, to be taken in open court, at the evidentiary hearing set to begin on Wednesday, August 17, 2022, by contemporaneous transmission through videoconferencing. The arrangements for contemporaneous transmission of open court testimony will be timely coordinated through the Court's courtroom support personnel and among counsel.

### ARGUMENT

**A.    Testimony at the Evidentiary Hearing by Video Conference**

    **1.    This Court has broad discretion to permit foreign witness testimony in open court by video conference under Rule 43(a) of the Federal Rules of Civil Procedure.**

Pursuant to Rule 43(a), and for "good cause in compelling circumstances and with appropriate safeguards," this Court has discretion to permit trial "testimony in open court by

contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a); *Air Turbine Tech. v. Atlas Copco AB*, 410 F.3d 701, 714 (Fed. Cir. 2005) (holding that the use of such contemporaneous transmission in lieu of live testimony is "expressly reserved to the sound discretion of the trial court"). More generally, this Court has broad discretion under Rule 611 of the Federal Rules of Evidence over the mode of presenting testimony. Moreover, the Court has even greater discretion over the taking of evidence under the unique circumstances of a Hague Convention proceeding, which requires expeditious resolution in order to return abducted children to their "habitual residence" as soon as practicable. *See* 22 U.S.C. § 9005 (noting that the Hague Convention broadly allows for admissibility of documentary evidence without authentication); *March v. Levine*, 136 F. Supp. 2d 831, 834 (M.D. Tenn. 2001) ("Courts are to place these cases on a 'fast track' in order to expedite these proceedings and carry out the purposes of the Convention.").[1]

Parents left behind in foreign countries are routinely permitted to testify remotely in Hague Convention proceedings.[2] *See, e.g., Mota v. Castillo,* 692 F.3d 108 (2d Cir. 2012); *Valenzuela v. Michel,* 736 F.3d 1173 (9th Cir. 2013); *Medina v. Villasanti*, 2018 WL 3036558, at *1 (N.D. Tex. June 19, 2018); *Alcala v. Hernandez*, 2015 WL 4429425, at *2 (D.S.C. July 20, 2015), *aff'd in part, appeal dismissed in part*, 826 F.3d 161 (4th Cir. 2016).[3]

---

[1] *See also*, Nat'l Center for Missing and Exploited Children, *Litigating International Child Abduction Cases Under the Hague Convention*, www.missingkids.org/content/dam/ncmec/en_us/haguelitigationguide/ haguelitigationguide.pdf ("The Hague Convention and ICARA have a number of provisions ensuring that return proceedings are handled in the most efficient manner possible.").

[2] There would be safeguards in place for any live video testimony. "In general, safeguards should ensure (i) accurate identification of the witness; (ii) protection against any outside influence on the witness; and (iii) accurate transmission." *Gil-Leyva v. Leslie*, 780 F. App'x 580, 588 (10th Cir. 2019) (internal citations omitted).

[3] *See e.g., Salguero v. Argueta*, 2017 WL 1113334, at *2 (E.D.N.C. Mar. 23, 2017); *Flores v. Alvarado*, 2018 WL 1697314, at *2 (W.D.N.C. Apr. 6, 2018); *Vite-Cruz v. Sanchez*, 2018 WL

Nearly all of the cases cited above took place before the COVID-19 pandemic, which in itself has been found to warrant good cause to permit video testimony. *See, e.g., House v. Players' Dugout, Inc.,* No. 16-594, 2021 WL 4898071, at *14 (W.D. Ky. Oct. 20, 2021) (allowing three witnesses to testify remotely at trial by video, considering "the distance of these witnesses, the short nature of their expected testimony (less than an hour) with minimal exhibits, the continuing nature of the COVID-19 pandemic, and the burden appearing at trial would place on them"); *Le v. Reverend Dr. Martin Luther King, Jr. Cnty.,* No. 18-0055, 2021 WL 859493, at *2 (W.D. Wash. Mar. 8, 2021) (holding that the court had the authority to convene an entire jury trial by remote means and that the pandemic constituted good cause justifying remote proceedings); *Kieffaber v. Ethicon, Inc.,* No. 20-1177, 2021 WL 425822, at *5 (D. Kan. Feb. 8, 2021) (finding that the pandemic constituted good cause and compelling circumstances to justify use of videoconferencing technology for a jury trial and that a remote trial was preferable to a further delayed trial).

Further, there has been an increasing trend in federal courts of allowing the use of contemporaneous transmission of trial testimony, as an alternative to live testimony, particularly

---

4359217, at *2 (D.S.C. Sept. 13, 2018); *da Silva v. de Aredes*, 953 F.3d 67, 74 (1st Cir. 2020); *Fuentes-Rangel v. Woodman*, 2014 WL 12656211, at *1 (N.D. Ga. May 6, 2014); *Bowen v. Bowen*, 2014 WL 2154905, at *3 (W.D. Pa. May 22, 2014); *Fernandez v. Bailey*, 909 F.3d 353, 358 (11th Cir. 2018); *Gonzalez v. Preston*, 107 F. Supp. 3d 1226, 1229 (M.D. Ala. 2015); *Vieira v. De Souza*, 2021 WL 2980729, at *1 (D. Mass. July 15, 2021); *McKie v. Jude*, 2011 WL 53058, at *1 (E.D. Ky. Jan. 7, 2011); *Ordonez v. Tacuri*, 2009 WL 2928903, at *1 (E.D.N.Y. Sept. 10, 2009); *Flores v. Alvarado*, 2018 WL 3715753, at *1 (W.D.N.C. Aug. 3, 2018); *Walker v. Walker*, 2013 WL 1110876, at *2 (N.D. Ill. Mar. 16, 2013); *Schwartz v. Hinnendael,* 2020 WL 5531564, at *1 (E.D. Wis. Sept. 15, 2020); *Kosewski v. Michalowska*, 2015 WL 5999389, at *10 (E.D.N.Y. Oct. 14, 2015); *Djeric v. Djeric*, 2019 WL 1046893, at *1 (S.D. Ohio Mar. 5, 2019); *Guerra v. Rodas*, 2020 WL 2858534, at *2 (W.D. Okla. June 2, 2020); *Elyashiv v. Elyashiv*, 353 F. Supp. 2d 394, 396 (E.D.N.Y. 2005); *In re D.A.*, 2015 WL 2344079, at *1 (E.D.N.Y. May 14, 2015), *aff'd sub nom. Adamis v. Lampropoulou*, 659 F. App'x 11 (2d Cir. 2016); *Marquez v. Castillo*, 2014 WL 5782812, at *3 (M.D. Fla. Nov. 6, 2014); *Matter of E.Z.,* 2021 WL 5106637, at *2 n.2 (S.D.N.Y. Nov. 2, 2021).

in civil proceedings.  *See In re Vioxx Products Liab. Litig. [Merck Prods. Liab. Litig]*, 439 F. Supp. 2d 640, 642-43 (E.D. La. 2006) (citing cases and legal commentators); *cited* in *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010); *see also F.T.C. v. Swedish Match North America, Inc.*, 197 F.R.D. 1, 2 (D.D.C. 2000) (holding that requiring a person to travel across the continent to testify live is unreasonable and that "[t]o prefer live testimony over testimony by contemporaneous video transmission is to prefer irrationally one means of securing witness's testimony which is exactly equivalent to the other.").  These cases reflect a "consistent sensitivity to the utility of evolving technologies that may facilitate more efficient, convenient, and comfortable litigation practices." *Lopez*, 748 F. Supp. 2d at 480 (citing 9A Wright & Miller, Federal Practice & Procedure § 2414 (3d ed. 2008)).

The cost of international travel has specifically been recognized as good cause for contemporaneous transmission of testimony under Rule 43(a) of the Federal Rules of Civil Procedure.  *Lopez*, 748 F. Supp. 2d at 480.  In *Lopez*, the United States District Court for the District of Maryland allowed seven (7) Honduran plaintiffs in that Fair Labor Standards case to testify at trial using videoconferencing.  *Id.*  The court's ruling was based on "substantial inconvenience and cost" of international travel for foreign plaintiffs with limited financial resources, where there were "viable alternatives like video-conferencing." *Id.* (citing cases where good cause was found for videoconferencing even of witnesses within the United States who were located at considerable distance from the court); *see also Eller v. Trans Union, LLC*, 739 F.3d 467, 478 (10th Cir. 2013) (collecting cases where courts let witnesses testify remotely when "far from the site of [a] trial").

4

The district court in Lopez found videoconferencing would not prejudice the defendants because the witnesses would testify under oath in open court and were subject to cross-examination:

> Each of the witnesses will testify in open court, under oath, and will face cross-examination . . . [T]he protections of the oath and cross-examination will provide them with the tools necessary to resolve those issues. With videoconferencing, a jury will also be able to observe the witness' demeanor and evaluate his credibility in the same manner as traditional live testimony.

*Id.* at 480.[4]

Citing *Lopez* and decisions of other district courts, the case of *Virtual Architecture Ltd. v. Rick*, 2012 WL 388507 (S.D.N.Y. Feb. 7, 2012), found "good cause in compelling circumstances" sufficient to permit videoconferencing of testimony of a witness residing in the Seychelles. The witness represented he "could not physically come" to New York in time to testify at trial which was scheduled for thirteen days after defendant moved *in limine* to exclude his testimony. The court recognized other district courts had found good cause to allow testimony under Rule 43(a) of the Federal Rules of Civil Procedure via contemporaneous transmission where the witness "would have to face international travel, with its attendant costs of time and money," where there was difficulty in obtaining a United States visa, and where the witness's testimony was relevant to the trial. *Id.* at *1, 2.

> Several sister inferior courts have found good cause to allow "contemporaneous transmission from a different location," *see* Fed. R. Civ. P. 43(a), to provide testimony, where the witness would have to face international travel, with it's attendant costs of time and money. *See Dagen v. CFC Group Holdings Ltd.*, No. 00 Civ. 5682,

---

[4] "Indeed, one judge who presided over two hearings using videoconferencing has concluded that "there is no practical difference between live testimony and contemporaneous video transmission." *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (citing *Fed. Trade Comm'n v. Swedish Match N. Am., Inc.*, 197 F.R.D. 1, 2 (D.D.C. 2000), and *Scott Timber, Inc. v. United States*, 2010 WL 2947090 at *1 (Fed. Cl. July 28, 2010) (observing that videoconferencing does not have a "significantly adverse effect" on factfinder's ability to make credibility determinations)).

5

<blockquote>
2003 U.S. Dist. LEXIS 20029, at *4, 2003 WL 194208 (S.D.N.Y. Jan. 28, 2003) (expense; international travel; difficulty of obtaining visa); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010) (difficulty of obtaining visa; expense of international travel); *In re Rand Int'l Leisure Prods., LLC*, No. 10–71497, 2010 Bankr. LEXIS 1986, 2010 WL 2507634 (Bankr. E.D.N.Y. June 16, 2010) (international travel of up to twelve hours).
</blockquote>

Id. at *2.[5]

The district court in *Virtual Architecture* acknowledged that "appropriate safeguards" were required by Rule 43(a) of the Federal Rules of Civil Procedure, and that the videoconferencing technology would enable the witness to observe and comprehend, "the very ceremony of trial and the presence of the factfinder," as contemplated by the advisory committee notes to Rule 43(a) of the Federal Rules of Civil Procedure.

> **2. There is good cause under the compelling circumstances of this case to permit testimony of the Petitioner and the Petitioner's witnesses by videoconference in open court.**

Petitioner asks to take his testimony by live videoconference at the evidentiary hearing set to begin on August 17, 2022. He also requests that his witnesses outside of the state of New York be permitted to testify by video conference.[6]

---

[5] *Virtual Architecture, Ltd. 4 v. Rick*, 2012 WL 388507 at *2 (S.D.N.Y. 2012), is instructive on the "appropriate safeguards" required by Rule 43(a). There, the plaintiff made the necessary arrangement for the videoconference to begin at a set time. The court, at the beginning of transmission, spoke directly to the witness on the record, establishing that the witness was able to see the bench, the surroundings parts of the courtroom, and the attorneys when they approached the witness. The court verified that the audio and video transmission was clear and that the viewing screen provided an appropriately sized image. The witness was sworn, and direct, cross, and redirect examination took place. Even though there was a slight delay between the asking of questions and the witness's responses, and even though at times the video feed ceased while the audio feed continued, the transmission was deemed acceptable.

[6] Petitioner has not yet finalized his witness list, which is due on August 8, 2022 [ECF No. 25].

Petitioner currently resides in Santo Domingo, Dominican Republic. Pursuant to an internet search of flights on common airline carriers leaving from Santo Domingo, Dominican Republic on Tuesday, August 16, 2022 and returning to Santo Domingo, Dominican Republic on Saturday, August 20, 2022, the cost for non-stop round-trip airfare ranges between approximately $600 to $1,500. In addition, Petitioner would incur significant lodging expenses to stay in New York for approximately four (4) nights.

Compelling a left behind parent in Petitioner's situation to incur travel expenses is onerous. Petitioner is currently on a leave of absence from his job as a social studies teacher in the Dominican Republic (from which his salary was approximately 42,000 pesos or $785 per month), so he has no source of income. Petitioner would have great difficulty affording roundtrip airfare from the Dominican Republic to New York. To that point, the cost of international travel alone has been found to be sufficient to warrant video testimony. *See Virtual Architecture, Ltd.*, 2012 WL 388507 at *2; *Dagen v. CFC Group Holdings Ltd*., 2003 WL 194208 (S.D.N.Y. Jan. 28, 2003) (expense; international travel); *Lopez*, 748 F.Supp.2d at 480 (expense of international travel); *In re Rand Int'l Leisure Prods., LLC*, 2010 WL 2507634 (Bankr.E.D.N.Y. June 16, 2010) (international travel).

The Respondent will not be prejudiced by allowing Petitioner's witnesses to testify by videoconference. As in *Lopez*, 748 F. Supp. 2d at 471, the witnesses will testify in open court, under oath, and will be subject to cross-examination by Respondent's counsel. Hague Convention proceedings are not jury trials. Here, the Court is the fact-finder and will be able to observe each witness's demeanor and evaluate his or her credibility in the same manner as if they were giving testimony in the courtroom. The videoconferencing technology will enable each witness to

observe and comprehend, "the very ceremony of trial and the presence of the factfinder." *Id.* at 479.

## **CONCLUSION**

In keeping with the applicable law and considering the time and cost-savings of videoconferencing, as well as the safeguards to be in place, there is good cause under the compelling circumstances of this case for the Court to grant Petitioner's motion and permit testimony of himself and his third party out of state witnesses by videoconference at the Evidentiary Hearing set to begin on August 17, 2022.

Respectfully Submitted:

By: _[signature]_
Michael Banuchis, Esq.
Green Kaminer Min & Rockmore, LLP
420 Lexington Avenue, Suite 2821
New York, NY 10170
(212) 681-6400 (t)
(212) 681-6999 (f)
