**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Respondent shall indicate whether she objects to the Court taking judicial notice of the cited provisions of Dominican Republic law, as translated, by July 28, 2022.

_____

SO ORDERED
Date: July 26, 2022
New York, New York

JOHN P. CRONAN
United States District Judge

JOSEPH MARCEL ETIENNE JEAN POIX    )
                                     )
            Petitioner-Father,       )
                                     )
vs.                                  )        No. 22-CV-4980
                                     )
SUSIBEL ALTAGRACIA ESPAILLAT SANTANA )
                                     )
            Respondent-Mother.       )
_____  )

## MOTION TO MAKE A DETERMINATION OF DOMINICAN REPUBLIC LAW (OR TO TAKE JUDICIAL NOTICE THEREOF)

The Petitioner, JOSEPH MARCEL ETIENNE JEAN POIX ("Petitioner"), by and through his undersigned attorneys, respectfully requests this Court make a determination of Dominical Republic law (or take judicial notice thereof) as supported by the following authorities:

1.    The Convention on the Civil Aspects of International Child Abduction ("Hague Convention") and the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001 *et seq.* ("ICARA") state that courts shall use the most expeditious procedures available in adjudicating petitions under the Hague Convention in order to ensure the prompt return of children.  Hague Convention, art. 2; 22 U.S.C. § 9001(a)(4).

2.    In keeping with this objective, courts have the discretion to make a determination of foreign law under Federal Rules of Civil Procedure 44.1 or to take judicial notice of foreign law.  Hague Convention, art. 14; 22 U.S.C. § 9005; *see also Hirst v. Tiberghien*, 947 F. Supp. 2d 578, 594 n.6 (D.S.C. 2013) (taking judicial notice of the law of the United Kingdom).  The Hague Convention specifically states that a court "may take notice directly of the law of, and of judicial or administrative

decisions, formally recognized or not in the State of the habitual residence of the child, without recourse to the specific procedures for the proof of law." Hague Convention, art. 14.

3.      Rule 44.1 of the Federal Rules of Civil Procedure permits a court to consider any relevant material or source in making a determination of foreign law, so long as the party requesting the court do so has given notice of its intent to ask the court to do so. Fed. R. Civ. P. 44.1. Petitioner gave such notice in his verified Petition. (ECF 1 ¶ 46).

4.      In support of this request, Petitioner submits a statement by CONANI, dated November 11, 2021, containing a certified translation of the relevant sections of the law of the Dominican Republic that Petitioner raised in his verified Petition, specifically, Articles 67, 72, 82, 86, and 87 of Law 136-06, also known as the Code for System of Protection and Fundamental Rights of Boys, Girls, and Adolescents (**Exhibit "A"**).  These sections of Law 136-06 explain that Petitioner has sufficient rights of custody under the Hague Convention.

5.      It is within the authority and discretion of this Court to take judicial notice of the above-referenced provisions of the law of the Dominican Republic.  Therefore, Petitioner requests that this Court take judicial notice of the law of the Dominican Republic for the purposes of determining Petitioner's rights of custody under the Hague Convention.

Respectfully Submitted,

Michael Banuchis, Esq.
Green Kaminer Min & Rockmore LLP
420 Lexington Ave., Ste. 2821
New York, New York 10170
212-681-6400
rmin@gkmrlaw.com

*Attorneys for Petitioner*