UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JOSEPH MARCEL ETIENNE JEAN POIX,                                       :
                                                                       :
                              Petitioner,                              :
              -v-                                                      :    22 Civ. 4980 (JPC)
                                                                       :
SUSIBEL ALTAGRACIA ESPAILLAT SANTANA,                                  :    ORDER
                                                                       :
                              Respondent.                              :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On July 14, 2022, Petitioner filed a motion seeking permission for himself and for certain of his witnesses to testify remotely at the evidentiary hearing scheduled for Wednesday, August 17, 2022. Dkt. 27. On August 1, 2022, Respondent filed an opposition to Petitioner's motion. Dkt. 32. Through an Order dated August 9, 2022, the Court granted Petitioner's request to permit him to testify remotely, and denied his request to permit certain of his witnesses to testify remotely because he failed to provide any information as to why remote testimony would be necessary for additional witnesses. Dkt. 40. The Court further allowed him to renew that request, should he be able to provide information explaining why particular witnesses must testify remotely. *Id.* On August 10, 2022, Petitioner filed his renewed motion seeking permission for three witnesses who reside in the Dominican Republic, Francisco Alberto Martinez Pujols, Barnabas Laurent, and Ruben Ventura, to testify remotely. Dkt. 41. The Court gave Respondent a deadline of August 12, 2022, to oppose that motion, should she wish to do so, Dkt. 44, but she did not file an opposition. For the reasons given below, the Court will permit Martinez Pujols, Laurent, and Ventura to testify remotely at the August 17 evidentiary hearing.

Federal Rule of Civil Procedure 43(a) provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by

contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a).  Under the Convention on the Civil Aspects of International Child Abduction, "[t]he judicial or administrative authorities of Contracting States shall act expeditiously in proceedings for the return of children." Convention on the Civil Aspects of International Child Abduction art. 11, Oct. 25, 1980, 1343 U.N.T.S. 89.  Consequently, foreign-based witnesses would be required to travel to the United States, and specifically to New York City, on relatively short notice to testify in person at the August 17 hearing.  In light of the ongoing COVID-19 pandemic; the fact that Martinez Pujols, Laurent, and Ventura are located in the Dominican Republic; the need for an expeditious resolution of this matter; and the expense and difficulty of international travel on such short notice, the Court finds good cause and compelling circumstances to permit Martinez Pujols, Laurent, and Ventura to testify by video.  *See Junjiang Ji v. Jling, Inc.*, No. 15 Civ. 4194 (SIL), 2017 WL 6501865, at *2 (E.D.N.Y. Dec. 19, 2017) (collecting cases permitting remote testimony because of the inconvenience and expense of international travel).

In addition, to ensure that "appropriate safeguards" required by Rule 43(a) are in place, the Court will adopt the following procedures for remote testimony by these witnesses at the evidentiary hearing.  These are the same procedures that the Court has ordered for Petitioner's remote testimony.  *See* Dkt. 40 at 2.  Each witness shall be sworn in over remote means, and their testimony will have the same effect and be binding in the same manner as if they were sworn in by the Courtroom Deputy in person and in open court at the courthouse.  Petitioner's counsel shall be responsible for ensuring that the remote technology properly functions and that all exhibits for the remote testimony of Petitioner's witnesses are supplied to them in hard copy prior to the hearing.  Respondent's counsel shall prepare binders containing all exhibits that counsel intends for the remote witnesses to view during cross examination.  By no later than August 15, 2022, Respondent's counsel shall provide two copies of each binder to opposing counsel.  Petitioner's

counsel shall then provide one copy of each binder to the relevant witness in advance of his anticipated testimony on August 17, 2022. The binders shall be securely sealed, and neither the witnesses nor Petitioner's counsel shall open any until the conclusion of the relevant witness's direct testimony.

When called to testify, each witness shall situate himself in such a manner as to be able to view the video screen and be seen by the Court. No person may be present in the room from where he is testifying, and he may not access or otherwise have within sight or reach any documents except the exhibits that counsel plans to use during his testimony.

In the event the above procedures are not feasible because it will not be possible for hard copies of the binders to be delivered to Martinez Pujols, Laurent, and Ventura in advance of the August 17 hearing, counsel shall meet and confer about alternative procedures, including whether the exhibits may be delivered to the witnesses electronically at the time of their testimony or whether those three witnesses should testify at a later date. Counsel shall be prepared to discuss such alternative procedures, if necessary, at the final pretrial conference scheduled for August 15, 2022, at 4:00 p.m.

SO ORDERED.

Dated: August 15, 2022
       New York, New York

_____
JOHN P. CRONAN
United States District Judge