UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Matter on M.G.E and A.F.E            )
                                            )
JOESEPH MARCEL ETIENNE JEAN POIX,           )
            Petitioner-Father,              )
                                            )   Case No. 22-cv-4980
vs.                                         )
                                            )   Hon. John P. Cronan
                                            )
SUSIBEL ALTAGRACIA ESPAILLAT SANTANA,       )
            Respondent-Mother.              )
                                            )
                                            )
---

## RESPONDENT'S PRE-TRIAL MEMORANDUM OF LAW

MUSA OBREGON LAW, PC
55-21 69th St., 2nd Fl.,
Maspeth, NY 11378
Tel. (718)-803-1000

*Attorneys for the Respondent*

Dated: August 15, 2022

## TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES …………..……………..……………..……………………… 3

RESPONDENT'S PRETRIAL BRIEF …………..……………..……………..………………4

I.     Background Facts …………..……………..……………………………………..5

II.    Arguments..…………..……………..………………..……………..…………..6

  1.  RESPONDENT HAS GUARDIANSHIP OF THE CHILDREN M.G.E. AND A.F.E. AND RESPONDENT HAS NOT EXERCISED HIS CUSTODY RIGHTS. …………………..6

  2.  RESPONDENT HAS A VALID GRAVE HARM EXCEPTION PURSUANT TO ARTICLE 13 OF THE HAGUE CONVENTION. ………………………………….…8

III. Conclusion …………..……………………..…………..………………………….

## TABLE OF AUTHORITIES

**Case Law**

*Gitter v. Gitter,*
    396 F.3d 124, 130-31 (2nd Cir. 2005) ……………………………………………..7

*Mota v. Castillo,*
    692 F.3d 108-112(2nd Cir. 2012) ……………………………………………………7

**Statutes**

22 U.S.C. § 9001 (b)(4)…………………………………………………………………………..7
22 U.S.C § 9003 (e)(1) …………………………………………………………………………..7
Hague Convention, art. 13(b) ……………………………………………………………………..9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
In the Matter on M.G.E and A.F.E           )
                                           )
JOESEPH MARCEL ETIENNE JEAN POIX,          )
                    Petitioner-Father,     )
                                           )   Case No. 22-cv-4980
vs.                                        )
                                           )   Hon. John P. Cronan
                                           )
SUSIBEL ALTAGRACIA ESPAILLAT SANTANA,      )
                    Respondent-Mother.     )
                                           )
_____)

## RESPONDENT'S PRE TRIAL BRIEF

The Respondent in the present action is the mother of the subject children M.G.E and A.F.E. The parties separated on or about September 9, 2020, and both the subject children were placed in the care and guardianship of their mother, the Respondent SUSIBEL ALTAGRACIA ESPAILLAT SANTANA. After the parties separated and while the Respondent was residing in the Dominican Republic, she tried to ensure that the subject children, M.G.E. and A.F.E., had a good relationship with their father the Petitioner, and despite claims to the contrary, Respondent never restricted Petitioner's access to M.G.E. or A.F.E.

Mr. Etienne has historically been a violent person, who upon information and belief, has been prone to bursts of violence. In 1998, Petitioner was convicted of armed robbery in the United States and consequently removed from the United States. One of the core reasons for the breakdown of relationship between the parties was Petitioner's abuse of the Respondent. On more than one occasion, Petitioner has physically and psychologically abused the Respondent.

Respondent will use the Exhibits as included in the Exhibit list, along with Testimony from the witnesses named in the Witness list to demonstrate the sustained and continued trauma that she experienced throughout her entire relationship with the Petitioner.

**I.   BACKGROUND FACTS**

Ms. Esapillat, a citizen of the Dominican Republic, and Mr. Etienne, a dual citizen of the Dominican Republic and Haiti, were married in 2014 in the Dominican Republic. The subject children, M.G.E. and A.F.E., were both born in the United States in 2016, and 2017, upon the instructions and insistence of Mr. Etienne.

The Petitioner subjected the Respondent to insidious forms of domestic violence including physical and financial isolation. He has physically abused the Respondent and caused her to be in a constant state of stress and uncertainty. This has caused lasting trauma that the Respondent still suffers from today. The parties were divorced by the end of 2020, and the parties divorce judgment granted Ms. Espaillat custody of the children until a court of competent jurisdiction could make a determination on the issue of custody.

A court of competent jurisdiction has not made a determination o the issue of custody or visitation till date. The children, M.G.E. and A.F.E, therefore remain in the custody of the Respondent, their mother. After the Divorce, Respondent did not restrict the Petitioner from having contact with the children. Indeed, as the Petitioner states in their pre-trial memorandum, the parties had mutually agreed that the Petitioner would visit the subject children. Respondent never restricted the Petitioner from having telephonic, video, and text message contact and communication with the children.

Then around September 2021, Respondent had an employment opportunity as a teacher in the United States. The children are United States citizens, who also travelled with the Respondent to the United States. Petitioner now brings this action under the Hague Convention by filing a Petition in the Southern District of New York, on June 14, 2022.

## II. ARGUMENTS

**RESPONDENT HAS GUARDIANSHIP OF THE CHILDREN M.G.E. AND A.F.E. AND RESPONDENT HAS NOT EXERCISED HIS CUSTODY RIGHTS.**

1. On December 29, 2020, the Sixth Chamber Of The Civil And Commercial Chamber Of The Court Of First Instance Of The Judicial District Of Santiago Family Matters, entered an Judgment and Order of Divorce of the Parties, granting the temporary guardianship of the subject child M.G.E. and A.F.E., to their mother, without prejudice to an subsequent order and determination of a court of competent jurisdiction in the future. (Petitioner's Exhibit P-5). A court of competent jurisdiction is yet to make a determination as to the best interests of M.G.E. and A.F.E., therefore the children remain in the temporary guardianship of the Respondent-Mother.

2. Respondent has always been and continues to be in favor of the Petitioner-father maintaining a parental relationship with the children M.G.E. and A.F.E. After the parties separated in 2020, the Respondent was isolated in the town off Santo Domingo, where she did not know anyone and did not have a support system to rely on for child care or emotional support. Therefore she moved to her hometown of Santiago in 2021. For the entire duration of her stay in Santiago, Petitioner knew exactly where Respondent resided, and Respondent never ever restricted Petitioner's access to the subject children.

3. Both M.G.E. and A.F.E. have been with the Respondent, their mother since birth. To prevail on a claim under the Hague Convention, a Petitioner must demonstrate by a preponderance of evidence **all three elements,** namely that, "(1) the child was habitually a resident in one State and has been removed to or retained in a different State; (2) the removal or retention was in breach of the Petitioner's custody rights in the state of habitual residence; **AND** (3) the Petitioner was exercising those rights at the time of the removal or retention." *Gitter v. Gitter,* 396 F.3d 124, 130-31 (2nd Cir. 2005); see also 22 U.S.C. §9003 (e)(1) (setting forth Petitioner's burden). While the "Hague Convention is focused simply upon whether the child should be returned to his or her country of habitual residence and does not establish substantive standards for resolving merits of any underlying custody dispute", it is undeniable that the Respondent is the only person who has ever had physical and legal custodial rights and has exercised said rights by taking care of the child's health, support, safety and wellbeing. *Mota v. Castillo*, 692 F.3d at 112; see 22 U.S.C. §9001 (b)(4).

4. Arguably, Respondent has not exercised his custodial rights pertaining to the children M.G.E. and A.F.E. Petitioner has, in previous discussions refused to visit the children unless the Respondent bring the children physically to him. On numerous occasions he has refused to speak to the children over the phone, while the parties were living in the Dominican Republic.

**RESPONDENT HAS A VALID GRAVE HARM EXCEPTION PURSUANT TO ARTICLE 13 OF THE HAGUE CONVENTION.**

5. Respondent has been the victim of the Petitioner's abuses for most of the parties relationship. More than once, Respondent and her witnesses would testify that the Petitioner physically and psychologically abused her without regard for either her or the children's wellbeing.

6. Starting on or about January 2017, when M.G.E. was less than one year old, the Petitioner took the Respondent and the child to an isolated location in Puerto Plata, DR, where some of his friends were smoking marijuana. Petitioner intentionally placed the child, M.G.E., in an unsafe environment. He then stranded the Respondent and subject child and forced her to walk back to Santo Domingo, where the parties resided at the time. Less than six months later, Petitioner tried to kill the Respondent and the subject child A.F.E. by chocking her while she was pregnant for the parties second child. Time and time again, Petitioner has shown disregard for the Respondent, her wellbeing, or the wellbeing of the children.

7. Upon information and belief, Petitioner is trying to white wash his image and misrepresent this court and the public at large as to his true nature. Over the course of this proceeding, Petitioner has presented himself to be a humble school teacher, when in reality, he is a convicted felon in the United States, and has a violent history (Respondent's Exhibit No. R-5). Petitioner was convicted of a violent felony in 1998 in the United States, and he has many friends and acquaintances of the criminal element.

8. Petitioner for years isolated the Respondent and did his best to control her every decision. He is a classic example of a domestic violence abuser, and he left the Respondent unable to defend herself or seek help. He has in the past shown a critical disregard for the safety and wellbeing of the Respondent along with the children, and the children have never been in the Petitioner's care or custody.

### III. CONCLUSION

The subject child in these proceedings, M.G.E. and A.F.E., have been and continue to be in the physical care and custody of the Respondent, and a court of competent jurisdiction has not made an alternative determination as to custody arrangements. According to Petitioner's own admissions also, the parties never had a standing Order of Visitation.

Ms. Espaillat, the Respondent in these proceedings has been a victim of domestic violence at the hands of Mr. Etienne, the Petitioner in these proceedings. These abuses rise to the level that should the subject children be returned to the Dominican Republic, they would be at risk of or subjected to grave harm as enumerated under Article 13 (b) of the Hague Convention. Through her testimony, the proposed exhibits and testimony of proposed witnesses, Ms. Espaillat will demonstrate that she has suffered at the hands of the Petitioner, and that Mr. Etienne has shown little regard for the care and wellbeing of the subject children.

Dated: August 15, 2022
Maspeth, NY

Respectfully submitted,

*/s/ Lenard Gomes*
_____
Lenard G. Gomes, LL.M., Esq.
**MUSA-OBREGON LAW, PC**
*Attorney(s) for the Respondent*
55-21 69th St., 2nd Fl.
Maspeth, NY 11378
T. (718)-249-5759