UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
JOSEPH MARCEL ETIENNE JEAN POIX,               :
:
                Petitioner,        :
:     22 Civ. 4980 (JPC)
      -v-                                   :
:     ORDER
SUSIBEL ALTAGRACIA ESPAILLAT SANTANA,   :
:
                Respondent.      :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       On October 17, 2022, this Court issued Findings of Fact and Conclusions of Law granting Petitioner Joseph Etienne's Petition for the return of his children, M.G.E. and A.F.E., to the Dominican Republic. Dkt. 59. In granting the Petition, the Court ordered Respondent Susibel Espaillat to return M.G.E. and A.F.E. by today, November 7, 2022. *Id.* at 30. On November 4, 2022, Respondent filed a notice of appeal from the Court's Findings of Fact and Conclusions of Law. Dkts. 61-62. In addition, she filed before this Court a motion to stay its order for the return of the children pending appeal. Dkt. 63.

       "Courts should apply the four traditional stay factors in considering whether to stay a return order: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Chafin v. Chafin*, 568 U.S. 165, 179 (2013) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). "[A] district court's application of these four factors to its own return order under the Hague Convention will rarely augur in favor of issuing a stay." *Hofmann v. Sender*, No. 12 Civ. 8104 (KMK), 2012 WL 8466673, at *1 (S.D.N.Y. Dec 20, 2012); *see also Lukic v. Elezovic*,

No. 20 Civ. 3110 (ARR) (LB), 2021 WL 804384, at *3 (E.D.N.Y. Mar. 3, 2021) ("[S]tays pending appeal of Hague Convention return orders . . . are heavily disfavored." (internal quotation marks and brackets omitted)); *Haimdas v. Haimdas*, 720 F. Supp. 2d 183, 211 (E.D.N.Y. 2010) ("Staying the return of a child in an action under the Convention should hardly be a matter of course." (quoting *Friedrich v. Friedrich*, 78 F.3d 1060, 1063 n.1 (6th Cir. 1996))).  This case is no exception.

Three of the four factors clearly favor denying a stay.  First, for reasons set forth in the Findings of Fact and Conclusions of Law, *see generally* Dkt. 59, in the Court's view Respondent is unlikely to succeed on the merits of the narrow question of whether the conditions are present under which the Hague Convention requires M.G.E. and A.F.E. to be returned.  Second, granting the stay would cause obvious harm to other interested parties—both to Petitioner, who has not seen his children for well over a year, *see* Dkt. 59 at 21, and to the children themselves, who would "lose precious months when [they] could have been readjusting to life in [their] country of habitual residence," *Chafin*, 568 U.S. at 178, during the pendency of the appeal.  Third, "the public interest, as relevant to a Hague Convention dispute, is primarily defined by the treaty itself, the express purpose of which is 'to secure the prompt return of children wrongfully removed to or retained in any Contracting State.'"  *Hofmann*, 2012 WL 8466673, at *1 (quoting the Hague Convention on the Civil Aspects of International Child Abduction art. 1, Oct. 25, 1920, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89); *see also Chafin*, 568 U.S. at 185 (Ginsburg, J., concurring) ("Protraction . . . is hardly consonant with the Convention's objectives.").  Thus, the public interest disfavors the delay in the children's return that would be produced by a stay.

Nor does the remaining factor—irreparable harm to the moving party—favor granting a stay.  The return of the children will not moot Respondent's appeal to the Second Circuit, *see Chafin*, 568 U.S. at 180, and were this Court's decision to be reversed she should be able to bring

the children back to the United States, since she retains temporary guardianship of them in the Dominican Republic, *see* Dkt. 59 at 15.

Nonetheless, although staying return is ordinarily disfavored in the context of Hague Convention cases, district courts in this Circuit often grant brief, temporary stays to enable respondents to seek emergency relief from the Court of Appeals for the Second Circuit before a child is returned. *See, e.g.*, *In re E.Z.*, No. 21 Civ. 6524 (MKV), 2021 WL 5106637, at *26 (S.D.N.Y. Nov. 2, 2021); *Lukic*, 2021 WL 804384, at *4; *Grano v. Martin*, 443 F. Supp. 3d 510, 545 (S.D.N.Y. 2020); *Souratgar v. Fair*, No. 12 Civ. 7797 (PKC), 2012 WL 6700214, at *18 (S.D.N.Y. Dec. 26, 2012); *Hofmann*, 2012 WL 8466673, at *2; *Haimdas*, 720 F. Supp. 2d at 211-12. And the Court of Appeals has indicated that it finds such brief delays helpful. *See Diorinou v. Mezitis*, 237 F.3d 133, 138 (2d Cir. 2001) ("The District Court helpfully stayed its order until November 30 to permit Mezitis to seek a stay pending appeal from this Court."). For that reason, the Court will grant a brief stay of one week of its October 17, 2022 order that Respondent return M.G.E. and A.F.E. to the Dominican Republic, so that Respondent may seek emergency relief from the Court of Appeals. No further stay shall be granted by this Court beyond that point. Thus, unless before that date the Court of Appeals grants the relief sought by Respondent or otherwise further stays this Court's October 17, 2022 order, Respondent must return M.G.E. and A.F.E. to the Dominican Republic by Monday, November 14, 2022.

SO ORDERED.

Dated: November 7, 2022
New York, New York

                        JOHN P. CRONAN
                        United States District Judge